PER CURIAM.
In these four appeals to this court from judgments of delinquency entered by the Juvenile Court of St. Johns County, each of the minor appellants has filed a motion for an order committing them to the custody and supervision of his parents or, in the alternative, for an order releasing him upon bail, during the pendency of the appeal.
The appellants in these four appeals are two boys, each 14 years old, and two girls, each 16. At the present time, under commitment orders of the said Juvenile Court, the two boys are at the Florida School for Boys in Marianna and the girls at the Florida School for Girls in Forest Hills, both locations being many miles distant from St. Augustine, the residence of the children and their parents.
The basic issues presented by the motion before us are the same in each of the four *526 appeals, hence below we will discuss one of the cases as a typical example.
The factual background of this motion, as reflected at this time in the record before us in the appeal of one of the boys, is as follows:
On July 20, 1963, a deputy sheriff of the said county served upon the child’s mother a summons issued on July 19 for the said Juvenile Court by Fred A. Brinkhoff, Jr., as counsellor of the court, commanding her to bring her said child before the court at 10 a. m. on July 23. This summons also notified her that Brinkhoff had filed in the court a petition alleging her said child is a delinquent child within the intent and meaning of Chapter 26880, Laws of Florida, Acts of 1951, F.S.A. § 39.01 et seq.
Brinkhoff’s said petition is in two counts, the first alleging that the said child on July 18, 1963, in St. Augustine, St. Johns County, having entered a restaurant, to-wit: the fountain and food area of a drug store and, having been requested to depart therefrom by the manager thereof, did fail and refuse to so depart. In the second count Brink-hoff alleges that in the said city on the said date the child “did unlawfully commit such acts as to outrage the sense of public decency and affect the peace and quiet of persons who may witness, or engage in such conduct as to constitute a breach of the peace, in that the said child having been ordered by a law enforcement officer to depart from the property of another did unlawfully refuse to obey such order thus resulting in said person being ejected from said property.”
On July 23 the hearing was held before the Juvenile Court, which then entered a judgment signed by the judge of the court, with the attestation by the said Brinkhoff as clerk of the court. In this judgment the court held that the child is a “suitable person to be committed to The Florida School for Boys * * * ” and ordered that the child be committed to the said institution for an indefinite period of time or until he is legally discharged therefrom. The judgment also recites that the child was charged with “Trespassing, Florida Statutes 509.-141, and Breach of Peace” and that the child was adjudged delinquent because of the three acts charged. The judgment further recites that the child is 14 years old and in the 11th grade in school.
In considering the motion before us at this early stage of the appellate proceedings we cannot properly pass upon the merits of the four appeals, such as questions of the validity of the charges upon which the children were tried, the sufficiency of the evidence to sustain the judgments, or the legality of the judgments.
In a written statement in the record the judge of the Juvenile Court asserts that in two conferences with the children’s parents, on July 23 and 24, he told them that he could release their children to them but “the parent refused to accept custody of the child on probation * *
On August 14 the appellants filed in this court a motion seeking relief similar to that sought in the motion now before us, and on the next day we entered an order denying the August 14 motion without prejudice to the right of each appellant to seek such relief in the Juvenile Court of St. Johns County.
Pursuant to our said order the appellants filed a motion for supersedeas bond in the Juvenile Court, which motion was denied by the court in an order entered August 27, reciting that the parents had again “refused to accept custody of said children on probation * * The order did not, however, set forth the conditions imposed by the court upon the “probation.”
In the instant motion, filed September 3, the appellants state that “the proposed probation was upon the condition that, among other things, the parents not permit your appellants to engage in picketing and other demonstrations in protest of racial discrimination and segregation in St. Augustine, Florida.” According to the motion, it was this condition that the parents would not accept.
*527 At the oral argument of the present motion at the hearing before this court on September 11, the appellants’ attorney, after stressing the need for the children to return to their families and their schools, announced to the court his belief that the parents are now ready to accept the said condition of probation previously offered by the Juvenile Judge in this case if their children are returned to them. In response thereto, counsel for the State expressed his belief that a reasonable condition would be that, during the pendency of the appeal, the parents would not encourage their children’s participation in demonstrations like that which gave rise to the offenses for which they were tried, but would restrain their children from such participation. While the conditions indicated by counsel for the State appear reasonable under the circumstances, we recognize that it is the province of the Juvenile Court rather than of the appellate court initially to fix the terms and conditions of bail or of probation incident to this litigation, subject only to the right of review.
Taking as true the representation of counsel for appellants to the effect that the parents of the children are believed to be ready to accept the condition of probation previously offered by the Juvenile Judge, the ends of justice under the law indicate that this matter should again be submitted to the Juvenile Judge for consideration and disposition in the light of the changed attitude of the parents. Accordingly, jurisdiction of this cause is relinquished in part to the Juvenile Court of St. Johns County for the sole purpose of entertaining and disposing of such petition for probation or for bail as the appellants now deem it expedient to file, and upon the disposition thereof to furnish this court with a record of the proceedings had pursuant hereto.
It is so ordered.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD, K., JJ., concur.
On Petition for Clarification and Instructions
PER CURIAM.
The Judge of the Juvenile Court of St. Johns County has filed in these four appeals a petition for clarification and instructions with regard to the opinion and judgment which we entered on September 13,1963, not yet reported.
In his petition the judge raises seven points having to do mainly with the authority of his court to carry out our instructions. The principal question concerns his court’s power to make orders affecting the children’s custody in view of the fact that they have been committed to, and are in the custody of, certain industrial schools.
Without detailing the factual and procedural backgrounds of these appeals, which are set forth in our former opinion, suffice it to say that the four appellants (two 14 year old boys and two 16 year old girls) were adjudicated by the juvenile court to be delinquent children and committed to the state industrial schools, after their parents had declined to. accept the conditions imposed by the court for releasing the children on probation to their families. However, at the oral argument before us on the appellants’ motion for release, their attorney declared in open court his belief that the parents had changed their minds and were then ready to accept the said conditions so that the children could be with their families and return to their schools. In view of this situation and what we considered the ends of justice under the law, we relinquished jurisdiction to the said juvenile court “for the sole purpose of entertaining and disposing of such petition for probation or for bail as the appellants now deem it expedient to file, and upon the disposition thereof to furnish this court with a record of the proceedings had pursuant hereto.” In the present consideration, however, we agree with the petitioner’s contention that bail would not be appropriate in view of the provision in Section 39.10, Florida Statutes, *528 F.S.A., that an adjudication by a juvenile court that a child is a dependent or delinquent child shall not be deemed a conviction and that such a child shall not be deemed to have been found guilty or to be a criminal by reason of that adjudication.
With the exception of this reference to bail, we think that our instructions to the juvenile court in our said opinion and judgment are compatible with the provisions of Chapter 39, Florida Statutes, F.S.A., relating to the juvenile courts of our state. Section 39.11 provides that, when a child has been adjudicatd a dependent or delinquent child by a juvenile court, the court shall have power, by order, to place the child, under the supervision of the counselor, in the child’s own home “under such reasonable conditions as the judge may direct!’ or may commit the child to a detention home, a licensed child caring institution, or to an industrial school. Subsection (e) (3) of the same section provides:
“Any commitment made to an industrial school shall be for an indeterminate period of time, any child so committed to be released when directed by the board of commissioners of state institutions rather than upon the order of the juvenile court committing the child, but no child shall be held in an industrial school under a commitment from a juvenile court after becoming twenty-one years of age. The juvenile court, in committing a child, shall not lose jurisdiction, but shall discontinue exercising active control over the child while the child is committed to the school. The board of commissioners of state institutions shall notify the juvenile court which committed the child to the school, at least thirty days before releasing the child, and the juvenile court may thereupon resume control and thereafter make orders for the supervision of the child as may be proper.”
Obviously, under the express language of this subsection, the four children involved in the present appeals may be released from the industrial schools on the direction of the board of commissioners of state institutions. Nevertheless, this statute expressly declares that the juvenile court does not lose jurisdiction and there is no suggestion in the records before us that the said board might not honor an order entered by the juvenile court requesting the board to release these children to the control of the court so that it could make orders for the supervision of the children and their return to their parents upon reasonable conditions. In the event that the board should decline to honor the juvenile court’s order concerning release of the children from the industrial schools, legal proceedings to resolve the problem would no doubt be available to the parties involved.
The petition for clarification and instructions is granted to the extent of the foregoing, and is otherwise denied.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD, K., JJ., concur.